IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF VIRGINIA CONNELL GREEN (individually and as Personal Representative of the Estate of William J. Connell, Jr.) and DAMON GREEN, Owners of the 2002 Albin 36 Express Trawler 36' Cruiser bearing Hull ID No. AUL33125J102, and all Fixtures and Appurtenance thereon, **For Exoneration from or Limitation of Liability.** | * * * 5:25-cv-01178-CLS * * * * IN ADMIRALTY * |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT OF EXONERATION

This matter is before the Court on Petitioners' Rule 55 Motion for Entry of Final Default Judgment of Exoneration against all non-appearing parties. (Doc. 9).

**I. Background**

On July 21, 2025, Petitioners, Virginia Connell Green, individually and as Personal Representative of the Estate of William J. Connell, Jr., and Damon Green ("Petitioners"), as owners of that certain 2002 Albin 36 Express Trawler 36' Cruiser, bearing Hull ID No. AUL33125J102 and Alabama Registration Number AL0617RN, and all appurtenances and fixtures thereon, including its dinghy (collectively "the Vessel"), filed their Petition for Exoneration from of Limitation of Liability Complaint (Doc. 1), an *Ad Interim* Stipulation of Value (Doc. 1-2), and a Letter of Undertaking (Doc. 1-2), pursuant to 46 U.S.C. §§ 30501-30512 and in compliance with Fed. R. Civ. P. 9(h) and Rule F, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Petitioners claim the right to exoneration from or limitation of liability for all claims that arose out of an incident that occurred on or about December 3, 2024, on the navigable waters of the United States near Scottsboro, Alabama, the circumstances of which are more fully detailed in the Petition. (Doc. 1).

On August 7, 2025, the Court entered its Order granting interim relief, in which the Court approved Petitioners' Letter of Undertaking, directed notice to be published in *The News Courier* pursuant to Supplemental Rule F, directed copies of the notice to be mailed to known claimants, and stayed all actions or proceedings that arose out of the subject voyage until the limitation action is determined. (Doc. 3). By the terms of the Order and notice, claimants had until September 30, 2025, to file their claims with the Clerk of Court and serve on counsel for Petitioners a copy thereof, otherwise their claims would be defaulted. (Docs. 3 & 4).

On September 3, 2025, Petitioners filed their Notice of Publication, wherein they disclosed that they published the notice in *The News Courier* during a four-week period, on August 9, 2025, August 16, 2025, August 23, 2025, and August 30, 2025. (Doc. 5). In addition to the aforesaid legal notice and in compliance with Supplemental Admiralty Rule F(4), Petitioners informed the known potential claimants of the pending limitation proceeding by mailing a copy of the notice and this Court's Order by certified mail. (Doc. 6).

The deadline for receipt of Claims and Answers has expired. No Answer or Claim was filed by any person or entity prior to the expiration of the deadline. Petitioners moved for Entry of Default against all non-appearing claimants on October 1, 2025. (Doc. 6). On October 3, 2025, per Fed. R. Civ. P. Rule 55, the Court granted Petitioners' Motion for Entry of Default (Doc. 7), and the Clerk entered default against all non-appearing claimants (Doc. 8), on November 12, 2025.

Petitioners move for entry of final default judgment as to all non-appearing claimants.

**II. Discussion**

As summarized in the *Matter of Freedom Marine Sales LLC*, No. 8:19-cv-00939-T-30SPF, 2019 WL 3848875, *1-2 (M.D. Fla. Jul 31, 2019) (entering default judgment against parties who failed to respond, answer or appear):

In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure set forth strict deadlines for providing notice to potential claimants and filing claims. Pursuant to Supplemental Rule F(4):

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4). Once such notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided ..." Fed. R. Civ. P. Supp. F(5). "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*

In cases arising under these rules, a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled "[its] obligation to publish notice of the limitation proceeding ... the [n]otice expressly and clearly stated the deadline for filing a claim and/or answer ... and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015) (citation omitted); *see also In the Matter of Reef Innovations, Inc.*, No. 11-cv-1703, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012) (noting that a party seeking a default judgment on a complaint for exoneration from or limitation of liability must first publish a notice of the action in a newspaper for four consecutive weeks).

Petitioners fulfilled their obligation to publish a notice of the limitation proceeding once per week for four consecutive weeks.... as required by Supplemental Rule F(4)..... Further, Petitioners have fulfilled their obligations by mailing, via certified mail, a copy of their Complaint and the Court's Order Approving Ad Interim Stipulation, Notice of Monition, and Injunction, to all known potential claimants to this Limitation proceeding required by Supplemental Rule F and Local Admiralty

> Rules.
>
> The Court's Order and Notice of Monition expressly and clearly stated.... the deadline for filing a claim..... and that a consequence of failing to file a timely claim was default.... The deadline mandated by the Court for filing claims has expired.....
>
> Under these circumstances, Petitioners have demonstrated that an entry of default judgment is warranted.

Thus, entry of a final default judgment for exoneration is proper as to potential claimants who have not responded to a newspaper publication of a court's notice to assert claims by a certain date, so long as the moving petitioners have satisfied the publishing/notice obligations. *Id. See, e.g., Matter of Heningburg*, No. 1:19-00341-KD-N, 2019 WL 5431319, (S.D. Ala. Oct. 22, 2019); *In re: In the Matter of the Complaint of Shawna Raye, LLC*, No. 2:15-cv-770-FtM-99CM, 2016 WL 3579018, *1 (M.D. Fla. May 9, 2016), *report and recommendation adopted* 2016 WL 3525001 (M.D. Fla. Jun. 28, 2016); *In re: Ruth*, No. 8:15-cv-2895-T-23TBM, 2016 WL 4708021 (M.D. Fla. Aug., 23, 2016) *report and recommendation adopted* 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016); *In re Petition of Holliday*, 2015 WL 3404469; *In the Matter of Reef Innovations, Inc.*, No. 6:11-cv-1703-Orl-31GJK, 2012 WL 195531, *2 (M.D. Fla. Jan. 6, 2012); *In the Matter of X–Treme Parasail, Inc.*, No. 10-00711 SOM/BMK, 2011 WL 4572448, *1 (D. Haw. Sept. 12, 2011).

Here, Petitioners have complied with the publication notice requirements per Supplemental Rule F(4). (Doc. 5). The Court's Order (Doc. 3) and Publication Notice (Doc. 4) identify the consequences for failure to file claims within the time ordered, including potential default. Such notice by publication satisfies due process as to any potential claimants. The time for filing any claims against the Petitioners has expired. Entry of default judgment is proper when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55. As shown by the record, any parties wishing to make a claim with respect to the subject of this case had to file a claim by September 30, 2025. The deadline to file a claim has passed.

Thus, those parties that have already been found to be in default are now properly subject to entry of a default judgment.

### III. Conclusion

Accordingly, it is **ORDERED** that the Petitioners' motion for entry of final default judgment against all non-filing/appearing parties (Doc. 9) is **GRANTED** such that **DEFAULT JUDGMENT** shall be entered in favor of Petitioners and against all non-appearing claimants (parties that have not answered or filed claims) with regard to this case.

The Court will enter a judgment by separate order in accordance with Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this the 14th day of November, 2025.

_____
UNITED STATES DISTRICT JUDGE